## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO.: 9:22cv80009

STEPHEN CULBERTSON

vs.

THE KINGS ACADEMY,
A FLORIDA NON-PROFIT
CORPORATION

_____/

### VERIFIED COMPLAINT

Stephen Culbertson ("Plaintiff") who by and through the undersigned counsel files this Complaint against The Kings Academy, a Florida non-profit corporation ("Defendant") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action by Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 2001 et. seq.) (hereinafter "FLSA") to recover unpaid wages, an additional equal amount of unpaid wages as liquid damages, prejudgment interest, equitable relief, and reasonable attorney's fees from Defendant for violations of the FLSA.

### JURISDICTION AND VENUE

2. This is an action for unpaid wages, damages, and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

3. This is also an action for intentional discrimination that Plaintiff suffered on the basis of his disability in violation of the Rehabilitation Act, 29, U.S.C. 705, et seq. and Title II and Title III of the Americans with Disabilities Act.

4. This Court has subject matter jurisdiction over Federal law claims pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over related state law claims because such claims arise out of the same circumstance and are based upon a common nucleus of operative fact.

6. Plaintiff and Defendant reside in this judicial district and services were performed in this district.

7. This Court is vested with original jurisdiction and subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343 based on Plaintiff's Federal law claims under the Rehabilitation Act, 29, U.S.C. 705, et seq. and Title II of the Americans with Disabilities Act, 42 U.S.C. §12131-12134.

8. Venue is proper in the Palm Beach Division of the Southern District of Florida, pursuant to 28 U.S.C. § 1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida because the Defendant resides in Palm Beach County, Florida and the events and omissions giving rise to the claims occurred in Palm Beach County, Florida.

## PARTIES

9. Plaintiff Stephen Culberston, hereinafter "Stephen", was employed as a part time driver for Plaintiff.

10. Defendant is a local school whose address is in this district, 8401 Belvedere Road, West Palm Beach, Fl 33411, that employed Plaintiff.

11. Plaintiff resides in the Southern District, and the Majority of unpaid wages occurred for services rendered within the Southern District of Florida.

## GENERAL ALLEGATIONS

12. At all times material hereto, Defendant was an employer within the meaning of Section 203(d) of the FLSA.

13. At all times material to this action, the Company was an enterprise engaged as a service establishment, as defined in Section 3(r) of the FLSA (29 U.S.C. 203(r) and 203 (s)).

14. At all times material hereto, the Company had an annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level.

15. At all times material hereto, the Company had at least two employees who were engaged in interstate commerce.

16. At all times material to this Complaint, the Plaintiff engaged in interstate commerce or the production of goods for commerce within the meaning of Section 3(b) and (j) respectively of the FLSA.

17. Plaintiff alleges both Individual and Enterprise Liability under the act as Plaintiff was required to use the phones, the internet, and the interstate highways to perform his job, and also was subject to Federal Regulations regarding a commercial driver's license in his job duties.

18. Plaintiff worked as a bus driver/bus driver trainee in Defendant's facility in the Southern District of Florida.

19. In this capacity Plaintiff was required to utilize the federal interstate highway system, and interstate telecommunications equipment, whereby he engaged in interstate commerce as a direct employee of Defendant.

20. Plaintiff was continuously under-paid, and not paid wages for hours worked between August 5th, 2021 until August 25th, 2021 when he was discharged.

21. Plaintiff is estimated to have worked 44 hours at the direction of employer without any compensation whatsoever.

22. In fact, Plaintiff's employer not only failed to pay the agreed wage, failed to pay the minimum wage, but the employer also improperly billed client $900.00 for job training.

23. Defendant also agreed to provide, in kind, compensation in the form of a tuition discount for Plaintiff's school age children. The value of the tuition discount for the 2021-2022 school year was $32,549.00 and should be included in Plaintiffs unpaid wage claim for 2021.

24. Plaintiff is owed for 44 hours of straight time.

25. Defendant exercised immediate direction and control over Plaintiff, and had both knowledge of the work hours, control over the work hours, and control over the payment process to Plaintiff.

26. Plaintiff was not subject to the executive exemption as he did not direct the work of two or more other employees and did not have the authority to hire or fire other employees.

27. Plaintiff was not subject to the administrative exemption as he did not exercise his own discretion and independent judgment with respect to matters of significance.

28. The records concerning the hours worked by and compensation actually paid to the Plaintiff are in the possession and custody of Defendant.

## COUNT I – VIOLATION OF PAYMENT PROVISIONS OF THE FLSA

29. The allegations of Paragraphs 1 through 28 are hereby re-alleged as if fully set forth herein.

30. Defendants willfully failed to compensate Plaintiff for hours Plaintiff worked for the Defendant totaling approximately 44 hours of straight time.

31. The Federal minimum wage at the time the Plaintiff was employed by the Defendant was $7.25 per hour, and the Florida Minimum wage was $8.56 an Hour.  Where the state minimum wage is higher, the state rate applies.

32. The Defendant owes the Plaintiff approximately for the 44 hours he worked at $8.56, and an equal amount in liquidated damages. as well as amounts wrongfully deducted for training in the amount of $900.00, and an equal amount in liquidated damages.

WHEREFORE, Plaintiff respectfully moves that the Court award Plaintiff a judgment for all such legal and equitable relief that will effectuate the purpose of the FLSA, including but not limited to:

- A. Back pay;
- B. unpaid wages;
- C. Prejudgment interest;
- D. Liquidated damages;
- E. Unreimbursed expenses;
- F. Reasonable attorney's fees pursuant to the FLSA; and
- G. Any further relief this court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

33. The allegations of Paragraphs 1 through 28 are hereby re-alleged as if fully set forth herein.

34. Defendant and Plaintiff entered into an agreement, the material terms of which were that the Plaintiff would work for Defendant and Defendant would provide;

   a. Compensation on a per route basis

   b. Training Expenses

   c. a tuition discount of approximately $32,549.00 (75% of the normal rate off) for the school year 2021 and subsequent discounts for his children in future years valued at $475,725 for the projected normal expected education time for his children.

   d. Training expenses and related costs.

35. Plaintiff Stephen, in reliance on the Defendant school's representations, and in performance of his obligations, enrolled his children in the school, paid the balance of the 25% tuition for the year for both students, began work for Defendant which included attending Mandatory Safety Meetings, travel and attendance at various CDL training and testing, in person pre-trip plaining, and contacting customers of Defendant to arrange scheduling and pickups, and submitting to a drug test.

36. Defendant, after Plaintiff Stephen began employment, required Defendant take a drug test.

37. The drug test resulted in a false positive.

38. Plaintiff immediately provided proof of the false positive by immediately voluntarily submitting to multiple additional drug tests, including a more accurate hair follicle test, which would cover months, rather than days. All of which Plaintiff passed.

39. Despite this proof, Defendant school  breached the agreement by  1) terminating Plaintiff Stephen, 2) failing to pay Defendant Stephen any wages for time worked, 3) failing to honor the discount relied on when placing the children in school, 4) billing plaintiff Stephen for his time working for Defendant a $900.00 expense, which is properly an employer expense, and 5) failing to make a reasonable accommodation under the ADA related to the false positive test result which is believed to be related to treatment of a back injury.


WHEREFORE, Plaintiff, respectfully prays the Court award Plaintiff a judgment against the Defendant for damages in an amount to be set at trial, plus costs and fees.


## COUNT III – VIOLATION OF
## SECTION 504 OF THE REHABILITATION ACT OF 1973

40. The allegations of Paragraphs 1 through 28 are hereby re-alleged as if fully set forth herein.

41. Plaintiff has been diagnosed with a Spinal Injury.

42. Plaintiff has a "disability" as that term is defined under 42 U.S.C. §12102 of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

43. Upon information and belief Defendant is a recipient of federal financial assistance and is required to comply with Section 504 of the Rehabilitation Act of 1973 (the

"Section 504") and the regulations propounded by the United States Department of Education under Section 504.

44. Upon information and belief, Defendant has signed and filed assurances of compliance with the Department of Education conditioning the receipt of federal financial assistance on continued compliance with Section 504.

45. Defendant is a "public entity" as that term is defined by 42 U.S.C. §12131 and is required to comply with Title II of the Americans with Disabilities Act (the "ADA") and regulations propounded by the United States Department of Justice under the ADA.

46. Plaintiff has a physical impairment that substantially limits a major life activity, therefore Plaintiff is an "individual with a disability" as defined under 29 U.S.C. § 705(20).

47. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. § 104, et seq., require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in, be denied the benefit of, or otherwise discriminated against in the services, programs, or activities which receive Federal financial assistance. 29 U.S. Code § 794(a) states in relevant part: *"(a) Promulgation of rules and regulations No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head*

*of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees."*

48. 29 U.S. Code § 794(b) defines "Program or Activity" "*means all of the operations of*": *(2)(A) a college, university, or other postsecondary institution, or a public system of higher education;...*"

49. Defendant employment and bus route constitutes a "program or activity" as defined by 29 U.S. Code § 794(b), In addition, the discrimination relates to the two children enrolled who as a result of same lost their tuition discount.

50. Defendant School violated Section 504 by its conduct who discriminated against the Plaintiff solely based on his disability (and the related medical treatment for same which may have resulted in the false positive).

51. Defendant School violated Section 504 by removing Plaintiff from employment and thus excluding him from participating in that "program or activity".

52. Defendant school also failed to offer a reasonable accommodation such as a different position or re-testing.

53. Defendant School violated Section 504 by removing his children's discount and thus excluding them from participating in that "program or activity".

54. Defendant School failed to provide Plaintiff the benefit of a reasonable accommodation which would have cost Defendant nothing, as Plaintiff Stephen

provided multiple more scientifically accurate tests proving the prior false positive was false.

55. Plaintiff was intentionally discriminated against on the basis of his disability in violation of Section 504.

56. As a result of Defendants violations of Section 504, Defendant has been damaged which includes but is not limited to: anguish and humiliation, lost wages, lost tuition discounts, billed expenses, and other damages to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

a. Emotional and physical distress;

b. loss of the tuition discount, lost wages, and lost expense reimbursement

c. Award Plaintiff's attorneys' fees pursuant to 29 U.S.C. § 794; and

d. Whatever other and further relief this Court deems just and proper.


## COUNT IV: VIOLATION OF

## THE AMERICAN'S WITH DISABILITIES ACT TITLE II


57. The allegations of Paragraphs 1 through 28 are hereby re-alleged as if fully set forth herein.

58. Plaintiff has a physical impairment that substantially limits a major life activity therefore Plaintiff is an individual with a disability under Title II of the Americans with Disabilities Act ("Title II"). See 42 U.S.C. § 12102(1).

59. Defendant is a "public entity" as that term is defined under 42 U.S.C. §12131(1) of Title II.

60. Plaintiff is a "qualified individual with a disability" as that term is defined under 42 U.S.C. §12131(2) of Title II.

61. 42 U.S.C. §12132 of Title II states as follows:

*"Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."*

62. Defendant violated Title II by discriminating against the Plaintiff solely based on his disability by and through the dismissal of Plaintiff, the failure to pay compensation, the billing of expenses, and the cancellation of the related student discounts.

63. Defendant violated Title II by terminating Plaintiff and by deleting the discount that had an adverse effect in that it excluded his children from participating in the "program or activity".

64. As a result of the violations of Title II, Plaintiff has been damaged which includes but is not limited to: significant pain, anguish and humiliation

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

   a. Lost wages

   b. Lost expenses

   c. Lost tuition discount

   d. Expense billed to him for employment related charges; and

   e. an Award Plaintiff's attorneys' fees pursuant to 29 U.S.C. § 794 (through 42 U.S. Code § 12133) and 28 CFR 36.505; and

f.  Whatever other and further relief this Court deems just and proper.

## COUNT V:  VIOLATION OF

## THE AMERICANS WITH DISABILITIES ACT TITLE III

65. The allegations of Paragraphs 1 through 28 are hereby re-alleged as if fully set forth herein.

66. Plaintiff has a physical impairment that substantially limits the major life activity of seeing therefore Plaintiff is an individual with a disability under Title III of the Americans with Disabilities Act ("Title III"). See 42 U.S.C. § 12102(1).

67. Defendant is a place of education and therefore is a place of public accommodation subject to Title III. See 42 U.S.C. § 12181(7)(J).

68. 42 U.S.C. § 12182(a) of Title III states in relevant part:

69. *"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."*

70. 42 U.S.C. § 12182(b)(1)(A)(i) of Title III defines discrimination to include:

*"subject[ing] an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."*

71. 42 U.S.C. § 12182(b)(1)(A)(iii) of Title III also defines discrimination to include:

> *"afford[ing] an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."*

72. Defendant violated Title III by discriminating against the Plaintiff solely based on his disability and the related drug test failure.

73. Defendant violated Title III by removing Plaintiff from employment at the school and potentially removing his children from the school by raising their tuition through elimination of the discount thus excluding him from participating in the "program or activity" while permitting others that do not suffer from disability or have disabled parents to fully participate.

74. Defendant School violated Title III by removing Plaintiff from the program instead of accommodating his disability.

75. As a result of Defendant's violations of Title III, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant PBSC for the following:

    a. injunctive relief, including an injunction ordering Defendant to (i) cease all discrimination against Plaintiff and other similarly situated persons; and (ii) promulgate and comply with policies and procedures to ensure

that Defendant and its staff do not continue to discriminate against

individuals with disabilities such as Plaintiff

b.   award compensatory damages;

c.   Award Plaintiff's attorneys' fees pursuant to 28 CFR 36.505; and

d.   Whatever other and further relief this Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 23ᵗʰ day of 12/24/2021

Respectfully submitted,

/S/ Neil Tygar

Neil Bryan Tygar, P.A.
Counsel for Plaintiff
Florida Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:    (561) 455-0280
Facsimile:    (561)455-0281
ntygar@me.com Primary
ntygar@bellsouth.net Secondary

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing complaint, and

all the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this  3 0  day of November, 2021.

-14-

Stephen Culbertson